## LEWIS v. WOOLFOLK.

1. PLEADING—BOND.—L. & W. dissolved partnership, the former entering into a bond to W. to pay all debts and save W. harmless therefrom, and to keep and observe a release of all demands, both for himself and one A., which was recited in the bond. In an action on the bond, one breach was assigned that L. had brought suit in the name of himself and A., and arrested W. on the cause of action, and six other breaches were to the effect that certain partnership demands, transferred to W. on dissolution, as just debts, were unfounded, having been previously paid. *Held*, 1. That the first breach was not well assigned, it not appearing that the debt, on which that suit was brought, was owned by and due to L. & A. at the time of the execution of the bond. 2. That the bond did not make L. guarantor of the partnership demands transferred by him to W., and the term "partnership debts," used in the bond, could extend only to debts which the firm owed third persons.

2. EVIDENCE—ERROR.—The admission of evidence to prove breaches of a bond not well assigned, and facts not properly in issue, is error.

(1 *Chand.* 171.)

ERROR to the late District Court for *Grant* County.

This was an action of debt brought by the defendant in error against the plaintiff in error, on a bond, the recital preceding the condition of which, and the condition thereof, was as follows, to wit: "The condition of this obligation is such that, whereas, in consideration of the said *Woolfolk* withdrawing a certain suit in chancery, commenced by said *Woolfolk*, against said *Lewis* and one Julius Augustine, and for the further consideration of five hundred dollars, to said *Lewis* paid, the said *Lewis* hath agreed to pay all the partnership debts, due from the late *Lewis & Woolfolk*, doing business at Potosi, in Grant county aforesaid, and indemnify and save harmless the said *John A. Woolfolk* from the payment of said debts, and from all costs, suits, actions, and trouble he might thereby incur. And, whereas, it having been agreed by said *Lewis & Woolfolk*, that they would pass to each other their reciprocal releases ; in consideration thereof, the said *Lewis*,

both for himself and the said Julius Augustine, hath remised, released, and forever quit-claimed, and doth hereby remise, release, and forever quit-claim unto the said *John A. Woolfolk*, his heirs, etc., all actions, causes of action, suits, debts, dues, sum and sums of money, accounts, reckonings, bonds, specialties, covenants, contracts, variances, damages, executions, claims and demands whatsoever (except as excepted in the reciprocal bond and release of said *John A. Woolfolk*, bearing even date herewith), both at law and equity, which, against the said *John A. Woolfolk*, the said *Lewis* or Augustine, now hath, or ever had, on account of their mutual dealings, or on any other account whatsoever, from the beginning of the world to this day.

"And the said *Lewis* intends this release, although only recited, to be as full and effectual as if it had been more expressly and formally drawn up and executed.

"Now, if the said *Lewis*, for himself and said Augustine, shall well and truly pay all said partnership debts, and save harmless the said *John A. Woolfolk* from all payments thereof and all costs, trouble and expenses he may incur thereby, and shall also pay all the legal costs of court incurred in the chancery suit aforesaid, by said *Woolfolk*, and also, if the said *Lewis*, for himself and said Augustine, shall, in all things, well and truly observe and keep, in spirit and letter, the release above recited, and the requisitions thereof, and perform all the duties thereby arising, then this obligation shall be void."

The defendant below pleaded a full performance; the plaintiff put in a replication, assigning breaches of the bond declared upon. The first breach assigned was, that after the execution of the bond, *Lewis* sued *Woolfolk* for a cause of action, which accrued before the release was given; and caused him to be arrested on a *capias*, issued by Coyle, a justice, on the ground of his being about to depart the state, by which he was put to trouble, expense, etc. The remaining six breaches were substantially alike, and alleged that *Lewis* did not pay all the

debts due from the co-partnership, and save *Woolfolk* harmless from the payment of debts, costs, etc.

The defendant demurred to the replication generally, and the plaintiff joined in demurrer; the court overruled the demurrer; after which the defendant rejoined to the replication, tendering an issue to the country on the first breach assigned; and to the other breaches, setting up that the co-partnership demands, on which *Woolfolk* brought suits, were taken by him on a division of partnership property and effects, and subject to all the deductions therefrom by way of set-off, or otherwise, on the part of the debtors at the time of such division. This rejoinder concluded with a verification.

The plaintiff surrejoined, alleging that the notes, accounts, etc., mentioned in the assignment of breaches, were assigned by *Lewis* to *Woolfolk*, as just debts still due, and owing from debtors to the firm of *Lewis & Woolfolk*, and tendering an issue to the country.

On the trial of the cause, the counsel for the defendant took various exceptions to the ruling of the presiding judge. The defendant's counsel also, on the trial, requested the judge to charge the jury:

1. That, unless the jury should find that the defendant assigned the demands mentioned in the plaintiff's replication, and by such assignment guaranteed that the amount specified in such demands were actually due, the jury should find for the defendant.

2. That, unless it appeared that the demands aforesaid, transferred to the plaintiff, arose from an indebtedness contracted with the firm of *Lewis & Woolfolk*, and the off-set to such demands were chargeable against said firm, that then the jury should find for the defendant.

3. That, as respects the assigned demands against which there were offsets, arising in the manner aforesaid, the plaintiff could only recover against the defendant such amounts as should be recovered by the debtors of the firm, against the

firm itself, by proving such offsets to exceed the sums due from them to the firm ; and that it appeared in proof that in all such instances, the defendant had paid such excess and the costs.

The judge, however, refused to charge as requested. On the trial, the plaintiff offered in evidence the docket of P. Coyle, a justice, and he was also sworn, and testified as to the suits commenced before him, on the notes and accounts taken on the division by *Woolfolk*.

This testimony was objected to, but admitted by the judge ; and an exception was taken thereunto.

The jury assessed the damages of the plaintiff at $260, and he had judgment.

*Cole & Biddlecome*, for plaintiff in error, argued that the justice, who was sworn on the trial, gave evidence of immaterial, irrelevant and objectionable matter ; that the division of the co-partnership property and securities belonging to the parties had occurred before the execution of the bond, upon which the suit was founded ; that the terms of the bond could not be enlarged, as was sought to be done by the plaintiff below, on the trial, and that the judge should have so decided and have overruled the evidence ; that there was an uncertainty in the finding of the jury which this court could not rectify, and to this last point cited various authorities.

*F. J. Dunn*, for the defendant in error, claimed that the condition of the bond covered all the deficiencies that through any contingency could arise, and that the plaintiff in error was, by the bond, made liable under the evidence given on the trial of the cause.

WHITON, J.   *Lewis* and *Woolfolk* being partners in business and having come to the determination to dissolve the partnership, *Lewis* entered into a bond to *Woolfolk*, conditioned to pay all the partnership debts, and save *Woolfolk* harmless therefrom, and to observe and keep a release of all demands,

both for himself and one Julius Augustine, which release was recited in the bond. An action was brought on the bond by *Woolfolk*, and seven breaches assigned ; one for an arrest by *Lewis*, in a suit brought in his name, and in the name of Augustine, against *Woolfolk*, which is alleged to be a breach of the condition of the bond, inasmuch as that provides that *Lewis* shall keep and observe the release.

I am, however, of opinion that this breach is not well assigned, as the assignment does not show that the debt, upon which the suit was brought, was released. It is averred merely, that the account or claim upon which it was founded accrued before the date and execution of the bond. Now, this might well be, and yet the claim sued upon not be one of those released, for the reason that it might have come to *Lewis* and Augustine by assignment or transfer after the execution of the bond. The assignment of the breach should have shown that this was one of the claims released, and in order to do so, the plaintiff should have averred that the claim or demand not only accrued before the bond was executed, but that it was then owned by *Lewis* and Augustine.

The other breaches assigned are, that certain partnership demands, which were transferred by *Lewis* to *Woolfolk* as just debts, were found, when suits were brought upon them, to be worthless and not collectable, for the reason that they had been previously paid ; and it is averred that, in two instances, where suits were brought upon these demands, the defendant on the trial pleaded and proved accounts in offset to a greater amount than the demands sued upon, by which means *Woolfolk* had a judgment rendered against him. These breaches are alleged to be within the condition of the bond, because they show that *Woolfolk* was not saved harmless from the partnership debts. This, I think, is true only of those demands which had been overpaid, and in suits upon which *Woolfolk* had judgments rendered against him for the amount thus overpaid ; for I cannot think that the bond made *Lewis* guarantor

of the demands transferred by him to *Woolfolk*. The term "partnership debts" cannot mean anything more than debts which they in fact owed to other persons. If a person against whom they had an apparent demand had paid it, or had an offset against it, to its full amount, before the transfer to *Woolfolk*, there was, in fact, no debt due either to or from them; and such a state of facts does not show a breach of the conditions of the bond. In the two cases above alluded to, in which the apparent debtors had offsets to a greater amount than the demands against them, the breaches are well assigned, and *Lewis* is liable on the bond for the amount thus paid by *Woolfolk*. To the replication of the plaintiff, assigning the breaches, the defendant filed a general demurrer, which was overruled. The defendant then filed a rejoinder, denying the liability of *Woolfolk*, and averring that he took the demands subject to all legal offsets, in an amicable division of the partnership accounts, etc. The plaintiff filed a surrejoinder, alleging that the demands were transferred to him as just debts, still due, etc.; and on the issue thus formed, the parties went to trial. The jury found a verdict for the plaintiff, upon which the court rendered a judgment for the sum of two hundred and sixty dollars.

The bill of exceptions shows that exceptions were taken to the ruling of the judge, during the trial, permitting the docket of Peter Coyle, a justice of the peace, to be read in evidence, which proved that in actions tried before him, founded on the demands above alluded to, the defendants proved payment on the demands or set-offs to the amount of the claims sued upon. This evidence was only admissible to prove those breaches which were well assigned, and was very properly objected to, so far as it related to the others.

The judge, therefore, erred in receiving it, and for this error the judgment must be reversed. We deem it unnecessary to notice all the errors assigned, as the one alluded to is decisive.

Judgment reversed with costs.